UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x  NOT FOR PUBLICATION

ROBERT WILLIAMS,
                                                       MEMORANDUM
                           Plaintiff,             AND ORDER
    -against-                                     10-CV-0783 (CBA)

City University of New York, Brooklyn College,

                           Defendant.
----------------------------------------------------------------x
AMON, United States District Judge:

       On February 18, 2010, plaintiff Robert Williams commenced this *pro se* action against defendant alleging discrimination in violation of Title VI of the Civil Rights Act of 1964. He seeks unspecified damages. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this order. For the reasons set forth below, plaintiff is granted thirty days to amend the complaint.

## Background

       Plaintiff, an African American male enrolled at Brooklyn College, alleges that on January 21, 2010, a Caucasian female employee at Brooklyn College's enrollment center confiscated one of two identification cards he presented for validation because it was no longer valid. Compl., Affidavit at ¶¶ 2-5. Plaintiff's request for the return of the invalid identification card "because of 'sentimental' value" reflecting a picture taken in 2004 was denied. Id. at ¶¶ 6-7, 14. Plaintiff alleges he was "discriminated against because of my race. The confiscation of my property . . . violates my Civil Rights and Federal Law. I believe that if I was Caucasian this would not have escalated to the confiscation of my property and the ID would have been returned . . . .. Id. at ¶ 15.

1

## Discussion

A.  Standard of Review

The Court shall dismiss a complaint "at any time" if it determines that the action is (i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if its "factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or if it is "based on an indisputably meritless legal theory" – that is, when it lacks an arguable basis in law . . . or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Bev. Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations omitted). As plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the Court is obliged to liberally construe the complaint and interpret the pleadings so as to raise the strongest arguments they suggest. Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006).

A complaint should be dismissed for failure to state a claim upon which relief could be granted when the complaint does not contain sufficient allegations of fact to state a claim for relief that is "plausible on its face". Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). Although the Court must "accept as true all of the allegations contained in a complaint," that tenet "is inapplicable to legal conclusions" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss" and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. The Court is therefore required to assume

the veracity of well-pleaded factual allegations and must determine "whether they plausibly give rise to an entitlement of relief." Id.

### B. Title VI of the Civil Rights Act

Title VI prohibits intentional discrimination based on race in any program that receives federal funding. 42 U.S.C. § 2000d; Alexander v. Sandoval, 532 U.S. 275, 282-83 (2001); Tolbert v. Queens College, 242 F.3d 58, 69 (2d Cir. 2001). In order to establish a claim under Title VI, "the plaintiff must show, *inter alia*, [1] "that the defendant discriminated against him on the basis of race," [2] "that that discrimination was intentional," [3] "and that the discrimination was a substantial or motivating factor for the defendant's actions." Tolbert, 242 F.3d at 69 (internal quotations marks and citations omitted); Lopez v. Bay Shore Union Free School Dist., No. 09-CV-502, 2009 WL 3720038, at *4 (E.D.N.Y. Nov. 9, 2009).

Assuming *arguendo* that defendant receives federal funding, plaintiff's allegations do not rise to the level of a Title VI violation. Plaintiff's allegation that defendant failed to return the invalid identification card to him does not meet any of the elements required under Title VI, and plaintiff's claim that the failure to return his invalid identification card was based on his race is entirely conclusory. See, e.g., Sanders v. Grenadier Realty, Inc., No. 08 Civ. 3920, 2009 WL 1270226, at *5 (S.D.N.Y. May 6, 2009) ("conclusory allegations of intentional discrimination" are insufficient under Title VI).

These conclusory allegations do not entitle plaintiff to relief. Indeed, his claims are arguably frivolous. The Court notes that it is highly unlikely that plaintiff could assert additional facts that would establish an entitlement to the invalid identification card. Nevertheless, rather than label his complaint as frivolous, the Court shall dismiss these claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for

failure to state a claim on which relief may be granted. In an abundance of caution, since plaintiff is proceeding *pro se*, he is afforded an additional thirty days to submit an amended complaint setting forth sufficient facts, if they exist, to establish plaintiff's discrimination claim. See Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).[1]

## Conclusion

Accordingly, plaintiff is afforded thirty days to file an Amended Complaint providing sufficient facts giving rise to his discrimination claims. The Amended Complaint shall be submitted within thirty days of this Order and contain the same docket number as this Order. The Amended Complaint will completely replace the complaint.

No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, the action shall be dismissed for failure to state a claim on which relief may be granted and judgment shall enter. Once submitted the Amended Complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United*

---

[1] The standard applied in Gomez and another Second Circuit case, Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007), is that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Gomez, 171 F.3d at 796. The Court notes, however, that these cases are rooted in the legal standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), under which a motion to dismiss was to be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of which would entitle him to relief," a standard that the Supreme Court "retire[d]" in Twombly. Accordingly, this standard appears to be in tension with the current state of the law.

4

*States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       March 3, 2010

/S/
_____
Carol Bagley Amon
United States District Judge